ORDWAY, APPELLEE, *v.* BROOKS, APPELLANT.

(Decided February 26, 1940.)

*Mr. Edward Rinderknecht,* for appellee.
*Mr. Paul E. Miller* and *Mr. Jerome Brooks,* for appellant.

LLOYD, J. On November 3, 1938, Dr. Clarence S. Ordway filed a petition in the Court of Common Pleas against Isadore S. Brooks asking the sum of $150 for professional services rendered by Dr. Ordway on or about December 18, 1931. Also, as assignee of the East Side Hospital, he sought to recover $51.98, the balance due for the hospitalization expenses and services incurred from the 3rd to the 18th of December 1931. To this petition a general demurrer was filed, it being contended that the statute of limitations had intervened to abate the enforcibility of Ordway's alleged cause of action. This demurrer being sustained, and leave therefore having been granted, an amended petition was filed on January 28, 1939, wherein, in addition to

the statements and allegations in the petition, it is alleged that:

"On November 22, 1932, which was less than six years prior to the commencement of this action, defendant made and delivered to the plaintiff a written acknowledgment of the aforesaid debt and promised plaintiff in said writing to pay the same."

A motion, filed by Brooks, for judgment on the pleadings was overruled. A trial on the issues made by the pleadings was then had, resulting in a verdict and judgment for Ordway. From this judgment Brooks appeals to this court on questions of law.

It is argued, first, that the amended petition pleads an entirely different cause of action from that alleged in the petition, and that the action must be deemed to have been commenced on January 28, 1939, when the amended petition was filed, and not on November 3, 1938; and, second, that in any event there is a failure of proof as to the authenticity of the alleged written acknowledgment of the debt and the promise of payment. Under the facts as above narrated, this court is content to say without further comment that the action was commenced with the filing of the original petition on November 3, 1938, and the issuance of summons thereon.

The real difficulty, however, relates to the evidence offered by the plaintiff Ordway in support of his alleged causes of action. The answer of Brooks to the amended petition of Ordway was a general denial, plus the affirmative defense of the statute of limitations. The burden of proof rested upon Ordway to prove that the alleged written acknowledgment upon which he relies was that of Brooks, and that the credits appearing on the hospital bill were made by or for Brooks on the dates indicated thereon. Otherwise the statute of limitations would become operative to prevent a judgment in favor of Ordway. Brooks denies any knowledge of the alleged written acknowledgment and

promise to pay the Ordway claim, or that it had been made, or who mailed it to Ordway, and he states positively that it was not his act, and that he had not authorized any one to do it for him. The writing is typewritten and there are no facts in evidence that in any way connect him therewith except by inferring that he had given authority to make such an acknowledgment to his daughter Adeline, for whom the services of Dr. Ordway and the hospital were rendered, she then being 17 years of age, because there appears in typewriting at the bottom of the writing the initials "ISB:AB." Of course, such inference could not be deduced from the bare fact of the existence of the writing. There is no evidence even tending to prove who was its author, whether the daughter or someone else, and the mere fact of its having been received by Ordway through the mail would not establish its authenticity. Nor is there any evidence refuting the testimony of Brooks, that he did not himself prepare, sign or authorize it. Nor is there any proof of Brooks having made or authorized anybody to make the payments appearing as credits on the hospital part of the bill.

As regrettable as it may be in this particular instance, the law requires proof of facts or circumstances from which at least an inference may legally be drawn of the ultimate fact or facts in issue.

There being an absolute failure of proof of the issuable facts necessary to maintain the alleged cause of action, the judgment of the Court of Common Pleas must be reversed and final judgment rendered for the appellant, Brooks.

*Judgment reversed and final judgment for appellant.*

CARPENTER and OVERMYER, JJ., concur.